THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
DAREN HEATHERLY
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>TAQUERIA SEBASTOPOL; TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL<br><br>       Defendants. | **CASE NO. C-07-2656 JL**<br>**Civil Rights**<br><br>**FIRST AMENDED COMPLAINT COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

1    Plaintiffs DAREN HEATHERLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA

5  CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA

6  SEBASTOPOL and allege as follows:

7  **INTRODUCTION:**

8    1.    This is a civil rights action for discrimination against persons with physical

9  disabilities, of which class plaintiff DAREN HEATHERLY and the membership of DREES are

10  members, for failure to remove architectural barriers structural in nature at defendants'

11  TAQUERIA SEBASTOPOL, a place of public accommodation, thereby discriminatorily denying

12  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

13  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

14  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

15  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

16  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17    2.    Plaintiff DAREN HEATHERLY is a person with physical disabilities who, on or

18  about January 8, 2007, January 25, 2007 and March 14, 2007, was an invitee, guest, patron,

19  customer at defendants' TAQUERIA SEBASTOPOL, in the City of Sebastopol, California.  At

20  said time and place, defendants failed to provide proper legal access to the TAQUERIA, which is

21  a "public accommodation" and/or a "public facility" including, but not limited to signage,

22  parking, men's restroom and the women's restroom.  The denial of access was in violation of

23  both federal and California legal requirements, and plaintiff DAREN HEATHERLY suffered

24  violation of his civil rights to full and equal access, and was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 250 Main Street , in the City of Sebastopol, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff DAREN HEATHERLY is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff DAREN HEATHERLY is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is afflicted with Multiple Sclerosis. Plaintiff DAREN HEATHERLY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff DAREN HEATHERLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff DAREN HEATHERLY, will or have been guests and invitees at the subject TAQUERIA SEBASTOPOL, and that the interests of plaintiff DREES in removing architectural barriers at the subject Taqueria advance the purposes of DREES to assure that all public accommodations, including the subject Taqueria, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as TAQUERIA SEBASTOPOL, located at/near 250 Main Street, Sebastopol, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, own and operate in joint venture the subject TAQUERIA SEBASTOPOL as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    At all times relevant to this complaint, defendants TALMADGE WOOD, trustee

2  of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES

3  are jointly and severally responsible to identify and remove architectural barriers at the subject

4  Taqueria pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

5  pertinent part:

6        **§ 36.201        General**

7            (b) *Landlord and tenant responsibilities.* Both the landlord
      who owns the building that houses a place of public
8      accommodation and the tenant who owns or operates the place of
      public accommodation are public accommodations subject to the
9      requirements of this part.  As between the parties, allocation of
      responsibility for complying with the obligations of this part may
10     be determined by lease or other contract.

11       28 CFR §36.201(b)

12 **PRELIMINARY FACTUAL ALLEGATIONS:**

13    11.    The TAQUERIA, is a restaurant, located at/near 520 Main Street, Sebastopol,

14 California.  The TAQUERIA SEBASTOPOL, its signage, parking, men's restroom, women's

15 restroom, and its other facilities are each a "place of public accommodation or facility" subject to

16 the barrier removal requirements of the Americans with Disabilities Act.  On information and

17 belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18 additions", each of which has subjected the TAQUERIA SEBASTOPOL and each of its

19 facilities, its signage, parking, men's restroom and the women's restroom to disability access

20 requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

21 Title 24 of the California Code of regulations (Title 24).

22    12.    At all times stated herein, plaintiff DAREN HEATHERLY was a member of

23 DREES.

24    13.    At all times referred to herein and continuing to the present time, defendants, and

25 each of them, advertised, publicized and held out the TAQUERIA SEBASTOPOL as being

26 handicapped accessible and handicapped usable.

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14. On or about January 8, 2007, January 25, 2007 and March 14, 2007, plaintiff DAREN HEATHERLY was an invitee and guest at the subject TAQUERIA SEBASTOPOL, with his wife, for purposes of having food and beverage.

15. On or about January 8, 2007, plaintiff DAREN HEATHERLY upon entering the parking lot, found that there was no parking for the disabled. There was no parking signage indicating a parking stall for the disabled. There was one stall with a faded and obscure wheel chair symbol.

16. At said time and place, plaintiff DAREN HEATHERLY had to take up two parking stalls to ensure that plaintiff DAREN HEATHERLY would not be blocked from exiting and re-entering the vehicle.

17. At said time and place, plaintiff DAREN HEATHERLY entered the restaurant and had food and beverage.

18. At said time and place, DAREN HEATHERLY needed to use a restroom. It did not matter if it was a men's or women's restroom as long as it was accessible.

19. At said time and place, plaintiff DAREN HEATHERLY went to a one of two men's restroom.

20. At said time and place, plaintiff DAREN HEATHERLY attempted to use the water closet. Plaintiff DAREN HEATHERLY stressed and strained himself in his attempt to transfer to and from his wheelchair to the water closet.

21. On or about January 25, 2007, plaintiff DAREN HEATHERLY and his wife returned to TAQUERIA SEBASTOPOL. There were no changes to the parking. There was no handicap accessible parking stall(s).

22. At said time and place, plaintiff DAREN HEATHERLY and his wife entered TAQUERIA SEBASTOPOL and had food and beverage. Plaintiff DAREN HEATHERLY had need to use the restroom. Plaintiff DAREN HEATHERLY wheeled to the men's restroom and again was compelled to make transfers without the use of grab bars, stressing and straining himself in the process.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    23.    On or about February 14, 2007, plaintiff DAREN HEATHERLY's wife, Irma

2    Ramirez wrote the landlord and tenant concerning the access problems. Irma Ramirez never

3    received a response.

4    24.    On or about March 14, 2007, plaintiff DAREN HEATHERLY and his wife

5    returned to TAQUERIA SEBASTOPOL. Plaintiff and his wife had food and beverage. Plaintiff

6    attempted to use one of the men's restroom but it was still not accessible.

7    25.    Therefore, at said times and place, plaintiff DAREN HEATHERLY, a person with

8    a disability, encountered the following inaccessible elements of the subject TAQUERIA

9    SEBASTOPOL which constituted architectural barriers and a denial of the proper and legally-

10    required access to a public accommodation to persons with physical disabilities including, but

11    not limited to:

12            a.    lack of the requisite type and number of disabled parking stall(s);

13            b.    lack of disabled van accessible parking stall(s);

14            c.    lack of (proper) disabled parking signage;

15            d.    lack of a handicapped-accessible women's public restroom;

16            e.    lack of a handicapped-accessible men's public restroom;

17            f.    On personal knowledge, information and belief, other public facilities and
         elements too numerous to list were improperly inaccessible for use by
18       persons with physical disabilities.

19    26.    At all times stated herein, the existence of architectural barriers at defendants'

20    place of public accommodation evidenced "actual notice" of defendants' intent not to comply

21    with the Americans with Disabilities Act of 1990 either then, now or in the future.

22    27.    On or about February 14, 2007, defendant(s) were sent letters by or on behalf of

23    plaintiff DAREN HEATHERLY advising of the existence of architectural barriers, requesting a

24    response within two weeks and requesting remedial measures be undertaken within 90 days or an

25    explanation of why the time limit set could not be met and/or extenuating circumstances. Said

26    letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

27    fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

28    an early and reasonable resolution of the matter.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

29.    As a legal result of defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES' s failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

30.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff DAREN HEATHERLY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically on or about January 8, 2007, January 25, 2007 and March 14, 2007, as a legal result of defendants negligence in the design, construction and maintenance of one of the men's restroom, plaintiff DAREN HEATHERLY stressed and strained himself and suffered continuous, repetitive and cumulative trauma to his extremities while attempting to transfer to and from the water closet). Plaintiff DAREN HEATHERLY further suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

31.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY harm as stated herein.

32.    Plaintiff DAREN HEATHERLY and the membership of DREES were denied their rights to equal access to a public facility by defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, because defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES  maintained a Taqueria without access for persons with physical disabilities to its facilities, including but not limited to the signage, parking, men's restroom, women's restroom, and other public areas as stated herein], and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

33.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

34.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the TAQUERIA SEBASTOPOL to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Taqueria as a public facility.  Plaintiffs seek damages for violation of their civil rights on January 8, 2007, January 25, 2007, and March 14, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff DAREN HEARTHERLY was

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  deterred from returning to the Taqueria because of his knowledge and belief that the premises

2  was and remains inaccessible to persons with disabilities.

3    35.    On information and belief, defendants have been negligent in their affirmative

4  duty to identify the architectural barriers complained of herein and negligent in the removal of

5  some or all of said barriers.

6    36.    Because of defendants' violations, plaintiffs and other persons with physical

7  disabilities are unable to use public facilities such as those owned and operated by defendants on

8  a "full and equal" basis unless such facility is in compliance with the provisions of the

9  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

10  *seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

11  compelling defendants to make the Taqueria accessible to persons with disabilities.

12    37.    On information and belief, defendants have intentionally undertaken to modify

13  and alter existing building(s), and have failed to make them comply with accessibility

14  requirements under the requirements of ADAAG and Title 24.  The acts and omission of

15  defendants, and each of them, in failing to provide the required accessible public facilities at

16  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

17  despicable conduct carried out by defendants, and each of them, with a willful and conscious

18  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

19  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

20  profound example of defendants, and each of them, to other operators of other TAQUERIAS and

21  other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code

22  §§ 51, 51.5 and 54.

23    38.    Plaintiffs are informed and believe and therefore allege that defendants

24  TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and

25  SAMUEL CORONEL ROBLES , and each of them, caused the subject building(s) which

26  constitute the TAQUERIA SEBASTOPOL to be constructed, altered and maintained in such a

27  manner that persons with physical disabilities were denied full and equal access to, within and

28  throughout said building(s) of the Taqueria and were denied full and equal use of said public

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  facilities.  Furthermore, on information and belief, defendants have continued to maintain and

2  operate said Taqueria and/or its building(s) in such conditions up to the present time, despite

3  actual and constructive notice to such defendants that the configuration of the Taqueria and/or its

4  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

5  DAREN HEATHERLY, the membership of plaintiff DREES and the disability community

6  which DREES serves.  Such construction, modification, ownership, operation, maintenance and

7  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

8  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9       39.    On personal knowledge, information and belief, the basis of defendants' actual

10  and constructive notice that the physical configuration of the facilities including, but not limited

11  to, architectural barriers constituting the TAQUERIA SEBASTOPOL and/or building(s) was in

12  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but

13  is not limited to, communications with invitees and guests, plaintiff DAREN HEATHERLY

14  himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from

15  governmental agencies upon modification, improvement, or substantial repair of the subject

16  premises and other properties owned by these defendants, newspaper articles and trade

17  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

18  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,

19  and other similar information.  Defendants' failure, under state and federal law, to make the

20  TAQUERIA SEBASTOPOL accessible is further evidence of defendants' conscious disregard

21  for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being

22  informed of such effect on plaintiff and other persons with physical disabilities due to the lack of

23  accessible facilities, defendants, and each of them, knowingly and willfully refused to take any

24  steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

25  with physical disabilities to the TAQUERIA SEBASTOPOL.  Said defendants, and each of them,

26  have continued such practices, in conscious disregard for the rights of plaintiffs and other persons

27  with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

28  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  of the demand letter addressed to the defendants and served concurrently with the summons and

2  complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and

3  other persons with physical disabilities, constitutes despicable conduct in conscious disregard of

4  the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition

5  of treble damages per Civil Code §§52 and 54.3.

6      40.    Plaintiff DAREN HEATHERLY and plaintiff DREES, on behalf of its

7  membership and the disability community which it serves, consisting of persons with disabilities,

8  would, could and will return to the subject public accommodation when it is made accessible to

9  persons with disabilities.

10  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
         ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
11       DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
         (On behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS
12       ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
         California public benefit corporation and Against Defendants TALMADGE WOOD,
13       trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL
         CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive)
14       (42 U.S.C. §12101, *et seq.*)

15     41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

16  the allegations contained in paragraphs 1 through 40 of this complaint.

17     42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

18  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

19  protect:

20         some 43 million Americans with one or more physical or mental
           disabilities; [that] historically society has tended to isolate and
21         segregate individuals with disabilities; [that] such forms of
           discrimination against individuals with disabilities continue to be a
22         serious and pervasive social problem; [that] the nation's proper
           goals regarding individuals with disabilities are to assure equality
23         of opportunity, full participation, independent living and economic
           self-sufficiency for such individuals; [and that] the continuing
24         existence of unfair and unnecessary discrimination and prejudice
           denies people with disabilities the opportunity to compete on an
25         equal basis and to pursue those opportunities for which our free
           society is justifiably famous.
26
27     43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

28  1990 (42 U.S.C. §12102):

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(B) a restaurant, bar or other establishment serving food or drink;

42 U.S.C. §12181(7)(B)

45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

     (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

     (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

     (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TAQUERIA SEBASTOPOL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

2  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

3  make the required services available through alternative methods which were readily achievable.

4      49.    On information and belief, construction work on, and modifications of, the subject

5  building(s) of TAQUERIA SEBASTOPOL occurred after the compliance date for the Americans

6  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

7  III of the ADA.

8      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

9  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

10  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

11  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

12  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

13  returning to or making use of the public facilities complained of herein so long as the premises

14  and defendants' policies bar full and equal use by persons with physical disabilities.

15      51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

16  a disability to engage in a futile gesture if such person has actual notice that a person or

17  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

18  section, plaintiff DAREN HEATHERLY has not returned to defendants' premises since on or

19  about March 14, 2007, but on information and belief, alleges that defendants have continued to

20  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

21  access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

22  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

23  facilities readily accessible to and usable by individuals with disabilities to the extent required by

24  this title".

25      52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

26  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

27  the Americans with Disabilities Act of 1990, including but not limited to an order granting

28  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

1    deemed to be the prevailing party.

2        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

3    **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
     **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
4    (On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS,
     ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
5    California public benefit corporation, and Against Defendants TALMADGE WOOD,
     trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL
6    CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive)

7        (California Civil Code §§54, 54.1, 54.3, *et seq.)*

8        53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

9    allegations contained in paragraphs 1 through 52 of this complaint.

10        54.    At all times relevant to this action, California Civil Code §54 has provided that

11    persons with physical disabilities are not to be discriminated against because of physical

12    handicap or disability.  This section provides that:

13            (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
14            sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.

15        55.    California Civil Code §54.1 provides that persons with disabilities shall not be

16    denied full and equal access to places of public accommodation or facilities:

17
            (a)(1) Individuals with disabilities shall be entitled to full
18            and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities,
19            including hospitals, clinics, and physicians' offices, and privileges
            of all common carriers, airplanes, motor vehicles, railroad trains,
20            motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
21            licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
22            public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
23            and limitations established by law, or state or federal regulation,
            and applicable alike to all persons.

24        Civil Code §54.1(a)(1)

25        56.    California Civil Code §54.1 further provides that a violation of the Americans

26    with Disabilities Act of 1990 constitutes a violation of section 54.1:

27            (d) A violation of the right of an individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336)

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   also constitutes a violation of this section, and nothing in this
    section shall be construed to limit the access of any person in
2   violation of that act.

3       Civil Code §54.1(d)

4       57.    Plaintiff DAREN HEATHERLY and the membership of plaintiff DREES are

5   persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

6   violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific

7   architectural barrier which defendants knowingly and willfully fail and refuse to remove

8   constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be

9   denied full and equal access to defendants' TAQUERIA SEBASTOPOL.  As a legal result,

10  plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on

11  which they visited or have been deterred from visiting the Taqueria because of their knowledge

12  and belief that the TAQUERIA is inaccessible to persons with disabilities.  California Civil Code

13  §54.3(a) provides:

14          Any person or persons, firm or corporation, who denies or
            interferes with admittance to or enjoyment of the public facilities
15          as specified in Sections 54 and 54.1 or otherwise interferes with
            the rights of an individual with a disability under Sections 54, 54.1
16          and 54.2 is liable for each offense for the actual damages and any
            amount as may be determined by a jury, or the court sitting without
17          a jury, up to a maximum of three times the amount of actual
            damages but in no case less than . . .one thousand dollars ($1,000)
18          and . . . attorney's fees as may be determined by the court in
            addition thereto, suffered by any person denied any of the rights
19          provided in Sections 54, 54.1 and 54.2.

20      Civil Code §54.3(a)

21      58.    On or about January 8, 2007, January 25, 2007 and March 14, 2007, plaintiff

22  DAREN HEATHERLY suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff

23  DAREN HEATHERLY was denied access to signage, parking, men's restroom, women's

24  restroom and other public facilities as stated herein at the TAQUERIA SEBASTOPOL and on

25  the basis that plaintiff DAREN HEATHERLY was a person with physical disabilities.

26      59.    As a result of the denial of equal access to defendants' facilities due to the acts

27  and omissions of defendants, and each of them, in owning, operating and maintaining these

28  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff DAREN HEATHERLY

suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain

and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

through architectural barriers.  Specifically on or about January 8, 2007,  January 25, 2007 and

March 14, 2007, as a legal result of defendants negligence in the design, construction and

maintenance and failure to provide grab bars where it was foreseeable, a disabled person could

injure himself/herself without the use of them, plaintiff DAREN HEATHERLY suffered

continuous, repetitive and cumulative trauma to his extremities while attempting to transfer to

and from the toilet without the use of said grab bars).  Further, plaintiff DAREN HEATHERLY

suffered emotional distress, mental distress, mental suffering, mental anguish, which includes

shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which

are expectedly and naturally associated with a denial of access to a person with physical

disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to

act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an

entity that represents persons with physical disabilities and unable, because of the architectural

barriers created and maintained by the defendants in violation of the subject laws, to use the

public facilities hereinabove described on a full and equal basis as other persons.

60.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

about January 8, 2007, January 25, 2007 and March 14, 2007, and on a continuing basis since

then, including statutory damages, a trebling of all of actual damages, general and special

damages available pursuant to §54.3 of the Civil Code according to proof.

61.    As a result of defendants', and each of their, acts and omissions in this regard,

plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

1   lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

2   Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

3   plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

4   the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

5   party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

6         Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

7   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
           FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
8          (On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS,
           ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
9          California public benefit corporation and Against Defendants TALMADGE WOOD,
           trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL
10         CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL inclusive)
           (Health & Safety Code §19955, *et seq.*)

11

12  62.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 61 of this complaint.
13

14  63.    Health & Safety Code §19955 provides in pertinent part:

15         The purpose of this part is to insure that public accommodations or
           facilities constructed in this state with private funds adhere to the
16         provisions of Chapter 7 (commencing with Sec. 4450) of Division
           5 of Title 1 of the Government Code.  For the purposes of this part
17         "public accommodation or facilities" means a building, structure,
           facility, complex, or improved area which is used by the general
18         public and shall include auditoriums, hospitals, theaters,
           restaurants, hotels, motels, stadiums, and convention centers.
19         When sanitary facilities are made available for the public, clients or
           employees in such accommodations or facilities, they shall be
20         made available for the handicapped.

21  64.    Health & Safety Code §19956, which appears in the same chapter as §19955,

22  provides in pertinent part, "accommodations constructed in this state shall conform to the

23  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

24  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

25  public accommodations constructed or altered after that date.  On information and belief,

26  portions of the TAQUERIA SEBASTOPOL and/or of the building(s) were constructed and/or

27  altered after July 1, 1970, and substantial portions of the Taqueria and/or the building(s) had

28  alterations, structural repairs, and/or additions made to such public accommodations after July 1,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1970, thereby requiring said TAQUERIA and/or building to be subject to the requirements of

Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

additions per Health & Safety Code §19959.

65.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

1982, Title 24 of the California Building Standards Code adopted the California State Architect's

Regulations and these regulations must be complied with as to any alterations and/or

modifications of the TAQUERIA SEBASTOPOL and/or the building(s) occurring after that date.

Construction changes occurring prior to this date but after July 1, 1970 triggered access

requirements pursuant to the "ASA" requirements, the American Standards Association

Specifications, A117.1-1961.  On information and belief, at the time of the construction and

modification of said building, all buildings and facilities covered were required to conform to

each of the standards and specifications described in the American Standards Association

Specifications and/or those contained in Title 24 of the California Building Standards Code.

66.    Restaurants such as the TAQUERIA SEBASTOPOL are "public accommodations

or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

67.    As a result of the actions and failure to act of defendants, and as a result of the

failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

access to public facilities.

68.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

physical disabilities and prohibiting discrimination against the persons with physical disabilities,

and to take such action both in plaintiffs' own interests and in order to enforce an important right

affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

§1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

69.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL  inclusive) (Civil Code §51, 51.5)

70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

72.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

73.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as if repled herein.

74.    As a legal result of the violation of plaintiff DAREN HEATHERLY's  civil rights as hereinabove described, plaintiff DAREN HEATHERLY has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically on or about January 8, 2007, January 25, 2007 and March 14, 2007, as a legal result of defendants negligence in the design, construction and maintenance and failure to provide grab bars in the men's restroom, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his extremities while attempting to transfer to and from the water closet.  It was foreseeable that without providing grab bars a disabled person could become injured in the transfer process from wheelchair to the water closet and back ).  Further, plaintiff DAREN HEATHERLY suffered emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs DAREN HEATHERLY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive) (42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES inclusive, to make the TAQUERIA SEBASTOPOL , located at 250 Main Street, Sebastopol, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants, TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES inclusive, to make the TAQUERIA SEBASTOPOL , located at 250 Main Street, Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff DAREN HEATHERLY, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive) (Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES inclusive, to make the TAQUERIA SEBASTOPOL, located at 250 Main Street, Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY, and Against Defendants TALMADGE WOOD, trustee of the Talmadge Wood Trust; EVANGELINA CORONEL and SAMUEL CORONEL ROBLES, a married partnership dba TAQUERIA SEBASTOPOL, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

    1.    General and compensatory damages to plaintiff DAREN HEATHERLY according to proof.


Dated: July 10, 2007   THOMAS E. FRANKOVICH
                        *A PROFESSIONAL LAW CORPORATION*


                    By: _____/S/_____
                        THOMAS E. FRANKOVICH
                    Attorneys for Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

### DEMAND FOR JURY TRIAL

    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: July 10, 2007               THOMAS E. FRANKOVICH
                        *A PROFESSIONAL LAW CORPORATION*


                    By: _____/S/_____
                        THOMAS E. FRANKOVICH
                    Attorneys for Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation